UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN M.,

    Plaintiff,

v.

UNITED BEHAVIORAL HEALTH,

    Defendant.

Case No. 20-cv-01513-PJH

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION – STANDARD OF REVIEW**

Re: Dkt. No. 32

Defendant's motion for summary adjudication to establish the standard of review as abuse of discretion came on for hearing before this court on March 4, 2021. Plaintiff appeared through his counsel, Katie J. Spielman. Defendant appeared through its counsel, Courtney C. Hill. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.    Background**

Plaintiff Steven M. brings this action as a participant in the KLA-Tencor Corporation Group Insurance Plan (the "Plan") against defendant United Behavioral Health ("UBH") to recoup damages incurred based on a denial of mental health care claims for S.M., his minor child. UBH is an affiliate of both United Healthcare Services and United Healthcare Insurance Company. UBH, in administering the Plan, denied Plaintiff's claims for mental health treatment based on medical necessity, issuing several denial letters using UBH letterhead throughout 2018. UBH also denied plaintiff's administrative appeals of the claims denials in early 2019.

The Plan's benefits are self-funded by KLA-Tencor.  The Plan grants KLA-Tencor, the Plan Sponsor and Administrator, and United Healthcare Services, the Claims Administrator, the discretion to make factual determinations and interpretations related to the Plan.  The Plan also authorizes KLA-Tencor and United Healthcare Services to delegate their discretionary authority to other persons or entities.

KLA-Tencor delegates that discretionary authority under the Plan to United Healthcare Insurance Company in an Administrative Services Agreement ("ASA") between the two entities.  Neither United Healthcare Services nor UBH is a party to the ASA, but the declaration of Lisa J. Sekely states that United Healthcare Insurance Company assigned its role under the ASA to United Healthcare Services in 2010.  Sekely Decl. ¶ 5 (Dkt. 35-1 at 2).  United Healthcare Insurance Company maintains a Behavioral Health Services Agreement ("BHSA") with UBH to perform services, including services connected with the KLA-Tencor Plan.  Neither the ASA nor the BHSA were produced as part of the administrative record in this case, but both are submitted by UBH in support of its motion.

Defendant filed the present motion on January 20, 2021 (Dkt. 32), along with an application to file under seal the administrative record and the two confidential documents referenced above, the ASA and BHSA (Dkt. 35, with exhibits extending across docket entries through Dkt. 40).  Plaintiff filed his opposition to the motion on February 10, 2021 (Dkt. 41), and defendant replied on February 17, 2021 (Dkt. 42).  The court heard argument on March 4, 2021.  Dkt. 44.  The court instructed the parties to enter into a protective order so plaintiff's counsel could review the confidential ASA and BHSA relied upon by defendant, and the court ordered supplemental briefing.  Dkt. 46. Plaintiff's supplemental opposition was filed March 17, 2021.  Dkt. 49.  Defendant's supplemental reply was filed March 24, 2021.  Dkt. 50.

**II.     Legal Standard**

The standard of review for assessing decisions by fiduciaries in ERISA cases is often de novo.  Standard Ins. Co. v. Morrison, 584 F.3d 837, 846 (9th Cir. 2009).

1    However, when an ERISA plan contains a discretionary clause, an abuse of discretion
2    standard of review applies.  Id. at 846; see also Abatie v. Alta Health & Life Ins. Co., 458
3    F.3d 955, 963 (9th Cir. 2006) (en banc); Firestone Tire & Rubber Co. v. Bruch, 489 U.S.
4    101, 109 (1989).  "The standard of review depends on whether the plan explicitly grants
5    the administrator discretion to interpret the plan's terms."  Harlick v. Blue Shield of
6    California, 686 F.3d 699, 707 (9th Cir. 2011).  The plan must unambiguously provide
7    discretion to the fiduciary to shift the standard of review from de novo to abuse of
8    discretion.  Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc).
9    "When an unauthorized body that does not have discretion to determine benefits eligibility
10   renders such a decision . . . deferential review is not warranted."  Shane v. Albertson's,
11   Inc., 504 F.3d. 1166, 1170 (9th Cir. 2007) (quoting Jebian v. Hewlett-Packard Co.
12   Employee Benefits Organization Income Protection Plan, 349 F.3d 1098 (9th Cir. 2003)).
13       ERISA allows for plan-designated fiduciaries to further designate their
14   responsibilities to third parties in limited circumstances.  "The instrument under which a
15   plan is maintained may expressly provide for procedures . . . for named fiduciaries to
16   designate persons other than named fiduciaries to carry out fiduciary responsibilities
17   (other than trustee responsibilities) under the plan."  29 U.S.C. §1105(c)(1).  Where a
18   named fiduciary properly designates a third party to carry out its fiduciary responsibilities
19   in compliance with this section, the decisions of the third party are subject to the
20   deferential standard of review of abuse of discretion rather than de novo.  Shane, 504
21   F.3d at 1170.

22   **III.   Discussion**

23       Defendant argues that the "abuse of discretion" standard applies because the Plan
24   confers discretion to United Healthcare Services to determine the eligibility for benefits
25   and to construe the terms of the Plan.  Defendant argues the Plan specifically provides
26   that United Healthcare Services may "delegate this discretionary authority to other
27   persons or entities that provide services in regard to the administration of the Plan."
28   Moreover, the ASA, to which United Healthcare Services was subsequently assigned

3

1 responsibility, allows for use of affiliates in performing services. Defendant argues that
2 the BHSA, between United Healthcare Insurance Company and UBH, generally
3 articulates the services UBH provides for other United affiliates across multiple plans.
4 Finally, defendant asserts that the denial letters issued by UBH also reveal that UBH had
5 been delegated fiduciary responsibility and that UBH kept plaintiff informed of such
6 delegation.

Plaintiff contends de novo review is the proper standard because no plan documents properly delegated authority to UBH to administer his family's claims, citing Madden v. ITT Long Term Disability Plan, 914 F.2d 1279, 1285 (9th Cir.1990). While acknowledging that the Plan delegates authority to United Healthcare Services, plaintiff contends that there was no clear delegation of discretionary authority from United Healthcare Services to UBH, not even in the confidential ASA and BHSA documents defendant relies on. Plaintiff argues further that the ASA and BHSA, shielded from plan participants, are not plan documents and therefore cannot support a grant of discretion.

Here, the court agrees with plaintiff's interpretation.[1] First, not one of the three documents referenced by defendant (Plan, ASA, and BHSA) includes a clear and unambiguous delegation of authority from United Healthcare Services to UBH. The ASA's allowance for one of the United Healthcare entities to utilize its affiliates to perform services on its behalf does not amount to a clear and unambiguous delegation of discretionary authority to this defendant. Second, even if there was a delegation of discretionary authority from United Healthcare Services to UBH (the court finds there is not), such delegation is not clear and unambiguous where the delegation can only be discerned through careful assessment of at least two confidential documents withheld from plan participants. Lastly, the letters sent by UBH to deny plaintiff's claims provide

---

[1] The court does not consider any delegation of discretionary authority between United Healthcare Services and United Healthcare Insurance Company. However, the lack of documentary evidence regarding a purported assignment of responsibilities under the ASA from United Healthcare Insurance Company to United Healthcare Services is additionally problematic for defendant. See Sekely Decl. ¶ 5 (Dkt. 35-1 at 2).

4

no support for the premise that UBH was properly vested with discretionary authority. For these reasons, defendant has failed to establish that it is entitled to "abuse of discretion" standard of review.

**IV.   Conclusion**

In accordance with the foregoing, the court **DENIES** defendant's motion. The standard of review shall be de novo.

Within one week of the date of this order, counsel shall meet and confer, and submit a stipulation proposing a briefing schedule and hearing date for cross-motions for summary judgment.

**IT IS SO ORDERED.**

Dated: April 2, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge